UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:08CV740 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Steven Allen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, I will deny the motion.

### I.   Background

On July 26, 2007, Allen waived indictment and pleaded guilty to a one-count information charging him with being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Case Number 4:07CR448 CDP. In the plea agreement, Allen acknowledged that he had been "fully apprised of his rights to appeal by his attorney including his right to appeal his sentence." He agreed to waive his right to appeal, except on issues of upward or downward departures and contested criminal history.

A presentence investigation report (PSR) was prepared, which recommended that Allen's Total Offense Level was 17 and that he had a Criminal History Score (CHS) V, resulting in a Guidelines sentencing range of 46 to 57 months. Allen's CHS V was the result of his having a total of 10 criminal history points arising from six prior convictions. Five of those convictions were assessed one criminal history point each. However, because United States Sentencing Guideline § 4A1.1(c) prohibits a defendant from receiving more than four criminal history points for convictions resulting in one point assessments, Allen was only assessed four criminal history points for those five prior convictions. Consequently, one of the five convictions did not add to Allen's criminal history points.

At the time he committed the offense, Allen was on supervised release from a previous federal conviction for possessing a firearm during and in relation to a drug trafficking crime. Case No. 4:01CR306 CDP. That was Allen's sixth prior conviction and it added three criminal history points. Additionally, three more points were assessed because Allen committed the instant offense while on supervised release and less than two years following his release from prison.

On October 4, 2007, Allen was sentenced on both the new case and on the violation of his supervised release from the earlier federal case. At his sentencing

hearing, I asked Allen if there were any objections to the PSR that he wanted his attorney to raise. Allen answered, "No, ma'am." Although Allen's Guidelines sentencing range was 46 to 57 months on the new case, I granted his motion for downward departure for the reason that his criminal history was overstated (because several of his prior convictions were for misdemeanor offenses) and sentenced him "as if [Allen] were in a criminal history category four instead of five," resulting in a Guidelines sentencing range of 37 to 46 months. I then sentenced Allen to a 37 month term of imprisonment to be followed by a two year term of supervised release. At the same time I sentenced him to a term of 14 months for the supervised release violation in Case No. 4:01CR306 CDP. I granted his counsel's request to run the sentences concurrently, although the guidelines recommend a consecutive sentence in this situation. Allen did not file a direct appeal.

## II.  Grounds for Relief

In his § 2255 motion, Allen raises the following grounds for relief:

1) Ineffective assistance of counsel for failing to preserve for appeal the following issue: "Defense counsel allowed petitioner to be sentenced based upon inaccurate information which placed him as a Category Ten (10) offender, when the record reflected that he be sentenced as a Category Nine (9) offender;"

2) Ineffective assistance of counsel for failing to file a "Rule 35 corrective motion" on the same issue;

3) Ineffective assistance of counsel for failing to "perfect appeal" on this issue; and

4) Due Process violation and "fundamental miscarriage of justice" because Allen was sentenced "based upon inaccurate information."

## III. Analysis

### A. *An Evidentiary Hearing is not Warranted*

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). An evidentiary hearing need not be held if Allen's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); see also Anjulo-Lopez, 541 F.3d at 817 (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citation omitted). Because the records

conclusively show that Allen is not entitled to relief as a matter of law, I need not hold a hearing.

   B.   *Grounds 1 and 2: Ineffective Assistance of Counsel*

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Allen must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Allen "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

All of Allen's claims are based upon his belief that the PSR incorrectly concluded that his CHS was a V as a result of having been assessed 10 criminal history points. Allen contends that he should have been assessed only nine criminal history points, which would have resulted in a CHS of IV. Allen argues that the PSR incorrectly assessed one criminal history point for a prior assault conviction in a case in which he did not waive his right to counsel. The Guidelines sentencing range for a defendant with a CHS V and Total Offense Level 17 is 46 to 57 months, while the Guidelines sentencing range for a defendant with a CHS IV and Total Offense Level 17 is 37 to 46 months.

In Ground One of his motion, Allen contends that his attorney rendered ineffective assistance for failing to object to the PSR's conclusion that his prior assault conviction was worth one criminal history point. In Ground Two, Allen alleges that his attorney was ineffective for failing to file a Rule 35 motion on this basis. Allen argues that, had counsel objected or filed a timely motion, his

criminal history points would have moved from a 10 to nine, resulting in a CHS IV instead of CHS V.  Allen is wrong.  Even if Allen should not have been assessed a criminal history point for his prior assault conviction, his criminal history points would have remained at 10, with a CHS V.  Under U.S.S.G. § 4A1.1(c), a defendant is capped at four criminal history points for convictions that are assessed one criminal history point each.  Allen had *five* prior convictions that carried one criminal history point each, but he was already capped at four criminal history points.  Therefore, even if Allen had not been assessed one criminal history point for his prior assault conviction, he would have still had four one-point convictions that, when coupled with the additional six points assessed him, would have resulted in a total of 10 criminal history points.  Stated another way, the one point assessed for the prior assault conviction had no effect on Allen's overall point total or his CHS.   Therefore, even if counsel's performance were deficient for failing to object to the criminal history points in Allen's PSR or to file a Rule 35 motion,[1] Allen was not prejudiced by these alleged errors.  Because Allen

---

[1] I also agree with the government's position that the criminal history point was properly awarded for Allen's prior assault conviction, because the records show that he waived his right to counsel in that underlying case.  Like the PSR here, the PSR in the earlier case, No. 4:01CR306 CDP, concluded that Allen had knowingly waived his right to counsel for the same assault conviction.  As in this case, Allen failed to raise an objection to the earlier PSR, and I adopted its findings during the sentencing hearing in that matter.

suffered no prejudice, his ineffective assistance of counsel claims fail as a matter of law.

Allen also suffered no prejudice from any alleged error because I actually sentenced him "as if [Allen] were in a criminal history category four instead of five," which is the very relief he seeks in this motion. Allen's counsel successfully obtained a downward departure for her client based on the argument that Allen's criminal history was overstated. I sentenced Allen to 37 months imprisonment, which is the bottom of the Guidelines range for a CHS IV. Because Allen suffered no prejudice from the alleged attorney error, Grounds 1 and 2 of his § 2255 motion will be denied.

C. *Ground 3: Ineffective Assistance of Counsel*

In his third ground for relief, Allen alleges that his attorney was ineffective for failing to "perfect an appeal" on the issue of the calculation of his criminal history points. Allen does not allege that he requested his attorney to file an appeal, and in fact concedes that he did not because he argues that "defense counsel [did not] advise petitioner that this was an issue he could raise upon appeal, which had he done so petitioner would have requested an appeal on this matter." (Doc. #1-2 at 5). A lawyer's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of

§ 2255 without a showing of actual prejudice. Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000). However, for such a claim to succeed, movant must demonstrate that he instructed counsel to file an appeal. Id. at 1182.

Where, as here, the defendant did not request or instruct his trial attorney to appeal, "the court considering a claim of ineffective assistance of counsel must then determine whether counsel consulted with the defendant about an appeal and, if not, whether the failure to consult was unreasonable." Parsons v. United States, 505 F.3d 797, 798 (8th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). "Counsel has a constitutionally imposed duty to consult where there is a reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Parsons, 505 F.3d at 798 (quoting Flores-Ortega, 528 U.S. at 480) (internal alteration and quotation marks omitted). "To show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Parsons 505 F.3d at 798 (internal alteration and quotation marks omitted).

Here, Allen never specifically instructed or requested his attorney file an appeal, nor has Allen come forward with any evidence demonstrating that he reasonably demonstrated to counsel that he was interested in appealing. In his plea agreement, Allen acknowledged that he was "fully apprised of his rights to appeal by his attorney including his right to appeal his sentence under Title 18, U.S.C. Section 3742," and he acknowledged understanding that he was waiving that right. Counsel did not breach any constitutionally imposed duty to consult with Allen about an appeal because she had no reason to think that a rational defendant would want to appeal in these circumstances, or that there was any non-frivolous ground for an appeal. Counsel successfully argued for and obtained a downward departure *and* a concurrent sentence for her client, resulting in an aggregate sentence of only 37 months. This sentence was substantially below the bottom of Allen's Guidelines sentencing range in the new case of 46 to 57 months, and it was even farther below the aggregate sentence recommended by the Guidelines, since the Guidelines recommended that he receive consecutive sentences. Because Allen has not demonstrated that his attorney's performance was deficient, Ground 3 of his § 2255 motion fails.

*D. Ground 4: Due Process and "Fundamental Miscarriage of Justice"*

Finally, Allen claims that his due process rights were violated because he

was sentenced based on "inaccurate information." The basis of this claim is the same as discussed above – namely, that Allen believes the PSR incorrectly concluded that his CHS was a V instead of IV. Even if otherwise cognizable, this claim would nevertheless fail on the merits for the reasons discussed above. Contrary to Allen's belief, the PSR correctly concluded that his CHS was a V as a result of having been assessed 10 criminal history points. Therefore, Allen was not sentenced based on "inaccurate information." Moreover, I sentenced Allen "as if [Allen] were in a criminal history category four instead of five," which is the very relief he seeks in this motion. For these reasons, Ground 4 of Allen's § 2255 motion will be denied.

E.   *Certificate of Appealability*

As Allen has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Steven A. Allen to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Allen has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

 _____
 CATHERINE D. PERRY
 UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2009.